**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADARIA BRACY,<br><br>       Plaintiff,<br><br>       v.<br><br>John Doe Officers A & B,<br>CHIEF THOMAS A. JOHNSON,<br>individually and in his capacity as CHIEF<br>OF DOVER POLICE DEPARTMENT,<br>and CITY OF DOVER, a Governmental<br>Entity,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 22-1054-SRF |

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MEGAN THOMAS,<br><br>       Plaintiff,<br><br>       v.<br><br>John Doe Officers A & B,<br>CHIEF THOMAS A. JOHNSON,<br>individually and in his capacity as CHIEF<br>OF DOVER POLICE DEPARTMENT,<br>and CITY OF DOVER, a Governmental<br>Entity,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 22-1081-SRF |

---

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DE'LANTE MOORE,             )
                                )

       Plaintiff,        )
                                )

      v.            )     Civil Action No. 22-1080-SRF
                                )

John Doe Officers A & B,     )
CHIEF THOMAS A. JOHNSON,    )
individually and in his capacity as CHIEF  )
OF DOVER POLICE DEPARTMENT,  )
and CITY OF DOVER, a Governmental  )
Entity,                   )
                                )

       Defendants.     )

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ROSE BOZEMAN AND SAMIAH ORTIZ,)
                                )

       Plaintiffs,     )
                                )

      v.            )     Civil Action No. 22-1079-SRF
                                )

John Doe Officers A & B,     )
CHIEF THOMAS A. JOHNSON,    )
individually and in his capacity as CHIEF  )
OF DOVER POLICE DEPARTMENT,  )
and CITY OF DOVER, a Governmental  )
Entity,                   )
                                )

       Defendants.     )

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MIGUEL PEREZ,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
      v.                                         )      Civil Action No. 22-1077-SRF
                                                 )
John Doe Officers A & B,                         )
CHIEF THOMAS A. JOHNSON,                         )
individually and in his capacity as CHIEF        )
OF DOVER POLICE DEPARTMENT,                       )
and CITY OF DOVER, a Governmental                )
Entity,                                          )
                                                 )
            Defendants.                           )

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ZACHARY SOLITO AND JUSTIN                        )
SOLITO,                                          )
                                                 )
            Plaintiffs,                          )
                                                 )
      v.                                         )      Civil Action No. 22-1078-SRF
                                                 )
John Doe Officers A & B,                         )
CHIEF THOMAS A. JOHNSON,                         )
individually and in his capacity as CHIEF        )
OF DOVER POLICE DEPARTMENT,                       )
and CITY OF DOVER, a Governmental                )
Entity,                                          )
                                                 )
            Defendants.                           )

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACOB SVABY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1076-SRF |
| | ) | |
| John Doe Officers A & B, | ) | |
| CHIEF THOMAS A. JOHNSON, | ) | |
| individually and in his capacity as CHIEF | ) | |
| OF DOVER POLICE DEPARTMENT, | ) | |
| and CITY OF DOVER, a Governmental | ) | |
| Entity, | ) | |
| | ) | |
| Defendants. | ) | |

Christofer Curtis Johnson, THE JOHNSON FIRM, LLC, Wilmington, DE.

Attorney for Plaintiffs.

Daniel A. Griffith, WHITEFORD TAYLOR PRESTON LLC, Wilmington, DE.

Attorney for Defendants.

**MEMORANDUM OPINION**

June 1, 2026
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

Presently before this court are seven related civil rights lawsuits brought against Defendants Chief Thomas A. Johnson ("Chief Johnson"), individually and in his capacity as Chief of the Dover Police Department, the City of Dover (the "City"), and unknown John Doe Officers A & B of the Dover Police Department ("Doe Defendants") (collectively, "Defendants"). Defendants Chief Johnson and the City (collectively "Named Defendants") filed a Motion for Summary Judgment seeking entry of a final judgment[1], pursuant to Federal Rule of Civil Procedure 54(b). (D.I. 28)[2] Plaintiffs oppose entry of final judgment. (D.I. 30)

On January 6, 2023, the parties consented to the jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in these cases, including trial, the entry of final judgment, and all post-trial proceedings, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (D.I. 9) The court has jurisdiction over these actions pursuant to 28 U.S.C. §§ 1331 and 1367. For the foregoing reasons, Named Defendants' Motion for Summary Judgment is **GRANTED**. A final judgment in favor of all Defendants will be entered.

## I.    BACKGROUND[3]

Plaintiffs are protesters who were arrested after attending a demonstration organized by Disrupt to Focus on June 9, 2020. (*E.g.*, D.I. 1-1 (hereinafter "Bracy Compl.") at ¶ 9)[4] Plaintiffs

---

[1] Defendants Chief Johnson and the City have docketed their motion as a Motion for Summary Judgment (D.I. 28), which is subject to the requirements of Fed. R. Civ. P. 56(a), yet the relief they seek, i.e., final judgment, is subject to Fed. Rul. Civ. P. 54.

[2] The briefing associated with the Motion for Summary Judgment is found at C.A. No: 1:22-CV-01054, D.I.28, D.I. 30, D.I. 32.

[3] The court incorporates the Background Facts as set forth in detail in its Memorandum Opinion on Defendants' Motion to Dismiss (D.I. 18) and writes primarily for the parties, addressing such facts as are necessary to resolve the pending motion.

[4] For purposes of the pending motion, all citations are to the lead case of Adaria Bracy, C.A. No: 1:22-CV-01054, unless otherwise indicated.

5

state they were peacefully protesting on the southbound side of Route 13 in Dover, Delaware, when unknown Dover police officers forcefully detained, assaulted, and arrested protestors in violation of their constitutional rights. (*See id.* at ¶¶ 11–14)

Plaintiff filed these lawsuits in the Superior Court of Delaware for Kent County, on June 9, 2022. (*E.g.*, D.I. 1 at ¶¶ 1, 5) On August 16, 2022, Defendants timely removed these cases to the United States District Court for the District of Delaware. (*E.g.*, D.I. 1)

On December 21, 2022, the parties agreed to consolidate the cases pursuant Fed. R. Civ. P. 42, for the purposes of discovery only, with Bracy designated as lead Plaintiff. (D.I. 6) On January 17, 2023, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (D.I. 10) The court granted the Motion to Dismiss without prejudice on all claims relating to Named Defendants. (D.I. 19) Only claims against the unnamed Defendants ("Doe Defendants") remained and Plaintiffs did not move to amend the operative complaint. *Id.*

Defendants now move for summary judgment on the basis that no viable claims exist against Named Defendants for the same reasons warranting dismissal that were addressed in the court's earlier memorandum opinion and order. (D.I. 18; D.I. 19) Moreover, Plaintiffs made no effort to identify the remaining Doe Defendants during the fact discovery period which closed on September 15, 2025.[5] (D.I. 24 at ¶3(b)) Therefore, Defendants contend that the time has come for entry of final judgment in their favor against all Plaintiffs (D.I. 28), as this matter is presently scheduled to begin trial on July 13, 2026. (D.I. 24 at ¶15)

---

[5] The Scheduling Order mistakenly listed the discovery deadline as September 15, 2024, (D.I. 24 at ¶3(b)), but read in the context of the remaining deadlines, the deadline was intended as September 15, 2025.

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact.  *See Celotex*, 477 U.S. at 322.  The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989).  A non-moving party asserting that a fact is genuinely disputed must support the assertion by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  If the non-moving party fails to make a sufficient showing on an essential element of its case, the moving

7

party is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

Fed. R. Civ. P. 54(b) permits the court to enter a final judgment as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975). "Certification of a judgment as final under Rule 54(b) is the exception, not the rule" and should be granted "only in the infrequent harsh case." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotation marks omitted). The decision to certify is left to the judicial discretion of the trial court. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). "[T]he burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Allis–Chalmers*, 521 F.2d at 365.

## III.    DISCUSSION

Defendants moved to dismiss all claims against the Named Defendants for the reasons stated in the court's Memorandum Opinion of September 27, 2024. (D.I. 18) All claims against the Named Defendants were previously dismissed pursuant to this court's prior opinion and accompanying order under Fed. R. Civ. P. 12(b)(6). (D.I. 18; D.I. 19; D.I. 28 at 2; D.I. 30 at 3) Plaintiffs do not dispute Named Defendants are entitled to summary judgment in their favor. Rather, Plaintiffs oppose the entry of a final judgment, contending that claims still remain against the Doe Defendants. (D.I. 30 at 7) Defendants argue that with no remaining parties or claims to

8

adjudicate, final judgment is warranted as there is nothing left for the court to resolve. (D.I. 28 at 1)

The Third Circuit has addressed the procedure for litigating claims asserted against unknown "Doe" Defendants as follows:

> Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed. The case law is clear that fictitious parties must eventually be dismissed, if discovery yields no identities, and that action cannot be maintained solely against Doe defendants.

*Hindes v. F.D.I.C.*, 137 F.3d 148, 155–56 (3d Cir. 1998) (cleaned up).

However, if after reasonable discovery, a party has yet to identify Doe defendants, then they must be dismissed. See *Blakeslee v. Clinton Cty.,* 336 F. App'x 248, 250-51 (3d Cir. 2009) (affirming the district court's *sua sponte* dismissal of unidentified defendants); see also *Johnson v. 6 Unidentified City of Wilmington Police Officer,* No. 08-479-JJF, 2010 WL 1644258, at *9 (D. Del. Apr. 21, 2010) (granting summary judgment as to claims against John Doe defendants since plaintiff did not identify them and discovery had passed)  Moreover, "it is appropriate, before proceeding to trial, to eliminate the fictitious defendants." *Blakeslee*, 336 F. App'x at 251.

Defendants argue that there are no remaining claims or issues to adjudicate, therefore, the court must determine whether there is any "just reason for delay" in granting final judgment under Fed. R. Civ. P. 54(b). (D.I. 28 at 2)  The Third Circuit has articulated a non-exhaustive list of factors for the court's consideration in determining whether there is "just reason for delay." See *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975). These include:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F.3d at 203 (citing *Allis–Chalmers*, 521 F.2d at 364)

The court is not persuaded by Plaintiffs' conclusory argument that entry of final judgment is improper because all five *Allis-Chalmers* factors are met. (D.I. 30 at 4-6) Plaintiffs argue that "compelling and unusual" circumstances exist which preclude entry of final judgment but fail to identify such circumstances and do not explain how further delay is reasonable given the procedural history of these cases. (*Id.*)

Plaintiffs further argue against dismissal of the Doe Defendants and entry of an adverse final judgment by erroneously relying on the "relation back" provisions for amending pleadings to substitute parties under Fed. R. Civ. P. 15(c)(1). (D.I. 30 at 8) Plaintiffs misconstrue the "relation back" provisions under Rule 15(c)(1) in arguing that a future amendment of the complaints to substitute named parties in place of the Doe Defendants would not be time-barred.[6] *Id.* Plaintiffs' reliance on the opinion of the United States Court of Appeals for the Third Circuit in *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186 (3d Cir. 2001), to support this argument is misplaced. (D.I. 30 at 8)

---

[6] Fed. R. Civ. P. 15(c)(1) provides for the relation back of an amendment to the complaint adding or changing parties if certain conditions are met, such that the amended pleading is treated, for statute of limitations purposes, as if it had been filed at the time of the original complaint. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001). Relation back is permitted when the party to be added has received, within the time period for service of process, sufficient notice of the action such that the party will not be prejudiced in its defense, and, within the same time period for service, the party to be added must have known or should have known that "but for a mistake" concerning the proper party's identity, the plaintiff would have named him in the original complaint. *See* Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii); *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 457 (3d Cir. 1996).

*Singletary* is unhelpful to Plaintiffs because the court ultimately determined that the relation back requirements were not met so the plaintiff could not amend the complaint to substitute a named party in place of unknown defendants. (*Id.* at 201) Plaintiffs in the instant matter focus only on the Third Circuit's interpretation of the "mistake" requirement in Fed. R. Civ. P. 15(1)(C)(ii) (D.I. 30 at 8), holding that the plaintiffs' lack of knowledge of a particular defendant's identity can be a mistake under the Rule.[7] Regardless of whether lack of knowledge constitutes a "mistake," the court in *Singletary* did not rely on the mistake requirement under Fed. R. Civ. P. 15(c)(1)(C)(ii) in reaching its decision affirming the denial of amendment to substitute a proper party because the notice requirements under Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii) had not been met. *Singletary v. Pa. Dep't of Corr.,* 266 F.3d at 201.

At this stage of the instant cases, whether an amendment to substitute named parties in place of the Doe Defendants would relate back to the original complaints is not ripe because Plaintiffs have yet to identify such Defendants. Plaintiffs have had ample time to take discovery and learn the identities of Doe Defendants. (D.I. 24 ¶ 3(b)) The cases have been pending for almost four years. No notices of service of discovery appear on the docket. On December 22, 2025, Plaintiffs indicated in their status report that they intended to submit an amended scheduling order, however, none was filed. (D.I. 26) Moreover, Plaintiffs have not described what discovery they reasonably believe would lead to identification of the unknown police officers. Instead, they claim that information has been concealed from them and the confidentiality provisions of the Law Enforcement Officer Bill of Rights ("LEOBOR"), 11 Del.

---

[7] In *Singletary*, the Court questioned the interpretation of "mistake" from an earlier decision it was bound to follow, *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 175 (3d Cir.1977), noting that although appellate courts in other Circuits have consistently held lack of knowledge of a defendant's identity is not a "mistake" concerning that identity, the Third Circuit held otherwise in *Varlack. Singletary,* 266 F.3d at 201.

11

C. § 9200(c)(12), have prevented them from pursuing the identities of the officers involved in the incidents which are the subject of the complaints. (D.I. 30 at 8-10)

The court is not persuaded that LEOBOR prohibited Plaintiffs from pursuing discovery to identify the officers. Plaintiffs fail to acknowledge that the statute contains an exception for production of personnel files or internal affairs investigatory files in civil proceedings "brought by a citizen against a law-enforcement officer alleging that the officer breached the officer's official duties and that such breach resulted in injury or other damage to the citizen." 11 Del. C. § 9200(d).

The instant cases cannot proceed to trial against unknown Defendants. Therefore, if the court does not enter final judgment as the cases currently stand, the matter will remain indefinitely unresolved. Thus, there is no just reason for delay in entering a final judgment.

The court can dismiss the Doe Defendants under Fed. R. Civ. P. 21,[8] and, as there are no remaining parties, close the cases. *See Johnson v. 6 Unidentified City of Wilmington Police Officers*, No. CIV.A. 08-479-JJF, 2010 WL 1644258 at *9 (D. Del. Apr. 21, 2010) (recognizing "prior to proceeding to trial, it is appropriate to eliminate fictitious defendants under [Fed. R. Civ. P.] 21", and grant summary judgment when a plaintiff has failed to identify Doe Defendants after the conclusion of discovery.")

## IV.    CONCLUSION

For the foregoing reasons Named Defendants' motion for summary judgment is **GRANTED** and the court directs entry of Final Judgment in favor of all Defendants, as there is no just reason for delay.

An Order accompanying this Opinion will issue.

---

[8] Fed. R. Civ. P. 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

12